UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL CARUSO,

       Plaintiff,

v.

SURYA HOSPITALITY
INVESTMENT, L.L.C.,

       Defendant.

_____/

Case No. 4:24-cv-10808

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## ORDER DEEMED WITHDRAWN IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPORTING MEMORANDUM OF LAW (ECF No. 18)

In March 2024, Plaintiff Jill Caruso initiated this lawsuit for equitable relief and damages based upon alleged violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181, *et seq.*, and Michigan's Persons with Disabilities Civil Rights Act (MPDCR), Mich. Comp. Laws §§ 37.1301, *et seq*.  (ECF No. 1.) The factual allegations underlying this lawsuit stem from Plaintiff's September 29, 2023 through October 1, 2023 stay at a Comfort Inn located in Port Huron, MI. (*Id*., ¶¶ 5, 10.)  Defendant has filed an answer and affirmative defenses, some of which mention finances and cost, such as:

- Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities or result in *undue financial and administrative burdens* or would require

1

>   structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the ADA and/or applicable state/local public accommodation laws.
>
> • Any work required for accessibility is excused to the extent such work would be *disproportionate in cost and scope* to any alterations.

(ECF No. 6, PageID.47 ¶¶ 12, 14 (emphases added).)  Other affirmative defenses relate to the issue of whether a modification is "readily achievable."  (*Id.*, PageID.47-48 ¶¶ 13, 22, 23.)

Judge Behm has referred this case to me for discovery.  (ECF No. 13.)  Currently before the Court is Plaintiff's February 10, 2025 motion to compel production of documents (ECF No. 18), which concerns Defendant's October 4, 2024 responses (ECF No. 18-2) to Plaintiff's September 7, 2024 discovery requests (ECF No. 18-1).  Defendant has filed a response (ECF No. 24), Plaintiff has filed a reply (ECF No. 25), and the parties have filed a joint list of unresolved issues (ECF No. 26).

On March 28, 2025, the Court conducted an in-person hearing (ECF No. 23), at which Plaintiff's and Defendant's counsel (Attorneys Owen B. Dunn, Jr., Catherine Fleming, and Barrett Young) appeared.  Upon consideration of the motion papers, the discussion during the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel (ECF No. 18), as narrowed by

2

the joint list of unresolved issues (ECF No. 26), is **DEEMED WITHDRAWN** in part, **GRANTED IN PART**, and **DENIED IN PART** as follows:

- **As to Interrogatory No. 9**, which asks to "[s]tate the complete rate schedule for all classes and types of guest rooms included in the rental pool, inclusive of: rack rates, AAA rates, AARP rates, peak season rates, off season rates, all-inclusive package rates, Michigan resident rates, standby rates, and any other classifications used by the Defendant[,]" Plaintiff's motion is **DEEMED WITHDRAWN**, as agreed in the Joint Statement (*see* ECF No. 26, PageID.183);

- **As to Request for Production (b)**, which seeks "[a] copy of any Corporate Income Tax Returns or Partnership Tax Returns or Individual Tax Return for the last four (4) years for the Defendant[,]" Defendant's relevance objection (ECF No. 18-2, PageID.123-124) is **OVERRULED**, Plaintiff's motion is **DENIED** to the extent this request seeks individuals tax returns but is otherwise **GRANTED**;

- **As to Request for Production (c)**, which seeks "[a] copy of the 2023 income and expenses, balance sheet or cash flow statement if tax returns for the 2023 tax year are not filed[,]" (*id.*, PageID.124), Defendant's relevance objection is **OVERRULED** and Plaintiff's motion is **GRANTED**; and,

- **As to Request for Production (d)**, which seeks "[a] copy of the 2024 year-to-date income and expenses, balance sheet or cash flow statement showing cash reserves[,]" (*id.*), Defendant's relevance objection is **OVERRULED** and Plaintiff's motion is **GRANTED**.

In arriving at these conclusions, the Court is guided by the factors taken into consideration in 42 U.S.C. § 12181(9) for defining "readily achievable" and the factors taken into consideration in 28 C.F.R. 36.104 for defining "undue burden[,]" and further persuaded by *Colorado Cross Disability Coal. v.*

3

*Hermanson Fam. Ltd. P'ship I*, 264 F.3d 999 (10th Cir. 2001), *Neal v. Divya Jyoti Ltd.*, No. 2:18-CV-958, 2019 WL 3416255 (S.D. Ohio July 29, 2019), and other authority cited and quoted from the bench and/or attached to Plaintiff's motion as Exhibits 5 and 6 (*see* ECF Nos. 18-5 & 18-6).

Considering that mediation in this case has been scheduled for Tuesday, April 8, 2025, Defendant **SHALL** serve any discovery ordered above no later than **noon (12:00 p.m.) on Monday, April 7, 2025**. Such production will be made subject to a Fed. R. Civ. P. 26(c) protective order. The parties are to work out a mutually acceptable protective order – taking into account the Undersigned's Practice Guidelines regarding sealed court filings, as well as E.D. Mich. LR 5.3 – and submit it to the Undersigned via CM/ECF (Utilities) no later than **Tuesday, April 1, 2025**.

Finally, given Defendant's concessions – such as its March 3, 2025 statement the documents requested "are discoverable" in "a narrow sense," (ECF No. 24, PageID.166) and the concessions made at oral argument as to relevancy and the accuracy of Plaintiff's argument that "Defendant's line-item financials will demonstrate what fraction/percentage of the defendant's financial resources Surya Hospitality Investment, LLC has invested into improvements to this property, (at least in those years compelled to produce) as well as including improvements that should have been invested into

4

necessary and legally required handicap accessibility[,]" (ECF No. 18, PageID.97) – the Court has a difficult time understanding how the relevance objections posed on October 4, 2024 (ECF No. 18-2) could have been made in good faith.[1]  Moreover, this motion should not have been necessary, as is obvious from the lack of legal support for Defendant's position in its briefing and argument.  Therefore, as explained in detail on the record, and apportioning the reasonable expenses for the motion consistent with Fed. R. Civ. P. 37(a)(5)(C), the Court awards reasonable expenses in the amount of **$2,450** (7.0 hours at a $350 hourly rate).[2]  This amount is awarded against and apportioned between both Defendant and its counsel and **SHALL** be paid no later than **Monday, April 7, 2025**, to Plaintiff's counsel's law firm (Law Offices of Owen Dunn, Jr.) in two separate checks, with one-third (**$817**) being paid by defense counsel's law firm (Butzel Long) and two-

---

[1] Defendant attempted to argue lack of proportionality for the first time within its March 3, 2025 response brief (*see* ECF No. 24, PageID.166-168), despite not having made that objection on October 4, 2024 in response to the discovery at issue (*see* ECF No. 18-2, PageID.123-124).  That objection was deemed waived from the bench, and the Court alternatively found that, even if such an objection had been timely made, it would have been overruled, since the requested discovery is not disproportionate under Fed. R. Civ. P. 26(b)(1).

[2] The Court asked, and Plaintiff's counsel answered, questions about relevant factors, such as his experience, rating, etc.  When the Court gave Defendant "an opportunity to be heard," Fed. R. Civ. P. 37(a)(5)(C), defense counsel agreed that the time for briefing, travel and a court appearance (7.5 hours) and rate ($350/hours) identified by Plaintiff's counsel was reasonable.

thirds (**$1633**) being paid by Defendant (Surya Hospitality Investment, L.L.C.). Defendant's counsel must certify that these costs and expenses have been timely paid by filing a certification of compliance with the Court, attaching copies of the checks, with account identifying information redacted.

      **IT IS SO ORDERED.**[3]

Dated: March 28, 2025

                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).